IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SANDRA HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-914-SMY-DGW |
| | ) | |
| ANN MARIE FLANNERY, RAGHURAM | ) | |
| SAMPATH, and SSM CARDINAL | ) | |
| GLENNON CHILDREN'S HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

On October 7, 2014, this Court held a hearing on various outstanding discovery disputes between the parties.  Attorneys Rhonda D. Fiss and Eugene C. Menges appeared on behalf of Plaintiffs and attorneys Ryan J. Gavin and Mary L. Taylor appeared on behalf of Defendants.   At the hearing, the Parties discussed two general areas in dispute, the production of various policies and procedures by Defendant SSM Cardinal Glennon Children's Hospital, and Plaintiff's medical records.   For the reasons set forth at the hearing and below, the following is hereby **ORDERED**:

1.    The Court finds that Defendant has produced an index of its Policies and Procedures as required in an Order dated July 21, 2014 (Doc. 76).   Defendant has indicated that most hospital specific policies and procedures have now been incorporated, or are in the process of being incorporated, into network-wide policies and procedures (except those that are relevant to Defendant's designation as a children's hospital).   Defendant accordingly has produced an index of archived policies (network and hospital only) and an index of current network

policies.

The Court further accepts Defendant's representations that there is no hospital specific "nursing manual" that was in effect during the relevant time period.  Defendant states that it has indicated as much in discovery responses. Plaintiff insists, however, that such a nursing manual exists because it has been referred to in the deposition testimony of various of Defendant's employees. Defendant notes that while a physical binder containing various policies and procedures may have been present in various parts of the hospital at some point in time, such policies and procedures that were contained in such binders are now, and have been during the relevant time period, exclusively in electronic form and are maintained and updated in that electronic form.

Defendant is accordingly **ORDERED** to file by **October 14, 2014** a stipulation/admission that such a physical nursing manual does not exist.  At the hearing the Court suggested particular wording, to wit, no nursing policies/procedures/manuals specific to Cardinal Glennon Children's Hospital regarding post-op and surgical care were in effect during the relevant time period, July 2011, and that any such network-wide nursing policies/procedures/manuals regarding post-op and surgical care have been produced to Plaintiff.  The Court grants Defendant leeway in phrasing the stipulation/admission to cover the document that Plaintiff believes exists, the nursing manual.  No response to the stipulation is required.

2.   In the briefs filed by the parties (Docs. 102 and 103), a great deal of time was spent on issues regarding Plaintiff's medical records and discrepancies contained therein.

Plaintiff's medical records have been electronically compiled and stored in a computer charting program entitled EPIC.   Plaintiff has indicated that the medical record received on March 8, 2012 and the record they received on August 20, 2013 "differ vastly and cannot be reconciled" even though they have both been certified as the true and accurate medical records.   Plaintiff has presented some indication that various entries in the medical record have been deleted or edited.   Plaintiff seeks significant discovery on the medical record, who has had access to it, and any information regarding changes to the record.   Defendant, in turn, seeks discovery on Plaintiff's potential claims of spoliation of evidence and on her accusations that they have engaged in a scheme to destroy evidence.   Both parties seek sanctions and other relief in their briefs.

As indicated at the hearing, no sanctions shall be issued at this time.   In order to move this matter along, Defendant is **ORDERED** to identify a person who is familiar with the EPIC program by **October 17, 2014**.   Plaintiff is **GRANTED** leave to depose this person.   The Court suggests that the parties cooperate in the scheduling of this deposition.   Such deposition shall be taken by **November 21, 2014**.   Defendant is also **ORDERED** to identify to Plaintiff, by **October 17, 2014**, the persons and sources of information who provided answers to Plaintiff's interrogatory that was served pursuant to the July 21, 2014 Order.   Again, if Plaintiff seeks to depose any person associated with the answers to her interrogatory, she should cooperate with Defendant in scheduling the deposition(s) and they shall be taken by **December 31, 2014.**

Defendant stated at the hearing that it will be producing an "audit trail" of

the medical chart that would identify the persons who accessed the chart, when, and what was done.  Defendant further stated that the audit trail is in the form of an Excel spreadsheet and that it also contains information related to peer review, which must remain confidential.  In light of the arguments made by counsel and the necessity to review state law on the matter, Defendant is **ORDERED** to file a brief indicating what matters cannot be produced pursuant to state law by **October 22, 2014**.  The brief shall be no longer than 10 pages.  Plaintiff may file a response by **October 29, 2014**.

3.      To the extent that the parties have sought any other relief in their briefs or at the hearing, those requests are **DENIED WITHOUT PREJUDICE**.

In light of the foregoing, the discovery deadline is **RESET** to **January 30, 2015** and the dispositive motion filing deadline is **RESET** to **February 13, 2015**.  The Settlement Conference before the undersigned is **RESET** to **February 5, 2015 at 9:00 a.m.**, the Final Pretrial Conference before Judge Staci M. Yandle is **RESET** to **May 27, 2015 at 10:00 a.m.** and the jury trial date is **RESET** to **June 15, 2015 at 9:00 a.m.**

**IT IS SO ORDERED.**

**DATED: October 8, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**