IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SANDRA HALL,

      Plaintiffs,

vs.

ANN MARIE FLANNERY, et al.,

      Defendants.

Case No. 13-cv-914-SMY-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Apply Missouri Law (Doc. 129). This case was removed to this Court on September 5, 2013. (Doc. 2). On November 4, 2013, Defendants Ann Marie Flannery and Raghuram Sampath filed a Motion to Strike Plaintiff's Allegations Pursuant to 735 ILCS 5/2-622 in which they relied entirely on Illinois law to support their arguments for striking the allegations. (Doc. 15). On April 17, 2014, Defendants filed a Motion to Dismiss Count IV of Plaintiff's Second Amended Complaint (Doc. 44). After Plaintiff filed its response, Defendants filed a reply (Doc. 62) in which they refer to Illinois Appellate Court case precedent in support of their argument for dismissal of the Count. Additionally, Plaintiff has filed three amended complaints, each of which were answered by Defendants. (Docs 27, 42, and 86). It was not until the third answer (Doc. 86) that Defendant asserted that they were relying on Chapter 538 of the Revised Statutes of Missouri pertaining to the cap on non-economic damages and periodic payment of future damages. Defendants now ask this Court to apply these provisions in this case.

Federal courts hearing state law claims under diversity jurisdiction apply the forum state's choice of law rules to select the applicable state substantive law. See *Felder v. Casey*, 487 U.S. 131, 151 (1988); *Houben v. Telular Corp*., 309 F.3d 1028, 1032 (7th Cir.2002). The choice of

law issue may be waived, however, if a party fails to assert it. See *Vukadinovich v. McCarthy*, 59 F.3d 58, 62 (7th Cir.1995). For example, in *Lott v. Levitt* the Court held that a plaintiff who "submitted to Illinois law and relied solely on it" at the motion to dismiss stage had waived his argument for different substantive law raised seven months later. 556 F.3d 564, 567–68 (7th Cir.2009); see also *Muslin v. Frelinghuysen Livestock Managers, Inc.*, 777 F.2d 1230, 1231 n. 1 (7th Cir.1985).

In this case, Defendants acquiesced to the application of Illinois law. Not only did Defendants not object to the application of Illinois law, they invoked Illinois law in support of earlier Motions filed before the Court and have not, until this late stage in the proceedings, objected to the application of Illinois law. At this point, discovery has closed, summary judgment motions have been filed with the Court, and the date of trial is rapidly approaching. Therefore, the Court finds that Defendants have unequivocally waived any and all arguments for the application of Missouri substantive law.

Accordingly, Defendants' Motion to Apply Missouri Law (Doc. 129) is DENIED.

**IT IS SO ORDERED.**

**DATED: April 14, 2015**

/s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**