IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SANDRA HALL,

      Plaintiffs,

vs.

ANN MARIE FLANNERY, et al.,

      Defendants.

Case No. 13-cv-914-SMY-DGW

**MEMORANDUM AND ORDER**

Now before the Court is Defendants' Motion to Transfer Trial to the East St. Louis Division of the United States District Court for the Southern District of Illinois (Doc. 163). Defendants request this case be transferred from the United States District Court for the Southern District of Illinois courthouse located in Benton, Illinois to the United States District Court for the Southern District of Illinois courthouse located in East Saint Louis, Illinois (the "East Saint Louis Division"). Defendants' Motion thereafter proceeds to analyze factors weighing in favor of a transfer to the "East Saint Louis Division." Specifically, Defendants point out that Plaintiff, counsel for the plaintiff and defendants and numerous witnesses reside in the Metropolitan St. Louis area – within 15 minutes of the E. St. Louis courthouse. Additionally, Defendants assert that most of the potential trial witnesses reside in the St. Louis area and that holding trial in Benton would place many of the witnesses outside of the Court's Rule 45 subpoena power.

Pursuant to 28 U.S.C. § 1404, a party may file a motion to transfer, from the **division** in which it is pending to any **other division** in the same district. It is within the Court's discretion to allow such transfer. See 28 U.S.C. § 1404 (emphasis added). However, as is set forth in this Court's decision in *Craig v. Harrah's Entertainment, Inc.*, Benton and East St. Louis are **not** in fact separate divisions of the United States District Court for the Southern District of Illinois.

2006 WL 1004931 at *1.  The Southern District of Illinois has no divisions pursuant to 28 U.S.C. § 93 and the characterization of the courthouse located in East Saint Louis, Illinois as a "Division" is a crucial misnomer. *Id.*  While holding trial in the E. St. Louis courthouse may be more convenient for counsel and witnesses, the Court has inherent power to manage itself, its resources and its caseload as it sees appropriate.  In that regard, this matter has been assigned to be heard by the undersigned District Judge at the courthouse in Benton, Illinois.  The Court finds no compelling reason to relocate the trial to E. St. Louis.

With respect to Defendants' assertion that many of the potential witnesses are beyond the Court's subpoena power, to the extent the parties wish to secure the testimony of witnesses who are outside of the 100 mile geographical range and who will not appear voluntarily, depositions to secure their trial testimony may still be scheduled and taken.  Accordingly, Defendants' motion to transfer trial is **DENIED.**

**IT IS SO ORDERED.**

DATED: May 26, 2015

/s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**