IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SANDRA HALL,

      Plaintiffs,

vs.

ANN MARIE FLANNERY, et al.,

      Defendants.

Case No. 13-cv-914-SMY-DGW

**AMENDED MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motions to Quash the Trial Subpoenas of Samer K. Elbabaa (Doc. 164), Cathy Gross (Doc. 166) and Cris McKenna (Doc. 171). All of these Motions are **DENIED**.

"Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." *Kessel v. Cook County*, 2002 WL 398506 at *1–2 (N.D.Ill. Mar. 13, 2002). While a party may have standing to quash a subpoena addressed to another if it infringes on the movant's legitimate interests, Defendants have not established that their rights would be violated if the subpoenas were enforced.

The lack of standing notwithstanding, Defendant's assertion that Elbabaa, Gross, and McKenna are outside of the 100 mile reach of subpoenas under FRCP 45 is not well taken. For purposes of determining the reach of subpoenas, distance is measure in a straight line, or "as the crow flies." See Fed.R.Civ.P. 45(b)(2)(B); *Hamilton Mem'l Hosp. Dist. v. Toelle*, 2013 WL 1130888, at *7 (S.D. Ill. Mar. 18, 2013); *Lyman v. St. Jude Med. S.C., In*c., 580 F.Supp.2d 719, 728 (E.D.Wis.2008); *Hill v. Equitable Bank, Nat. Ass'n*, 115 F.R.D. 184, 186 (D.Del.1987). Applying the straight line measurement method, the Court finds that all three subpoenas fall

within the 100 mile range.  Specifically, as to Dr. Elbabaa, Sunset Hills is 89.4 miles from Benton, Saint Louis University is 84.03 miles from Benton, and Cardinal Glennon Hospital is 87.1 miles from Benton.  Regarding Cathy Gross, Fenton is 90 miles from Benton, and Mehlville is 84.37 miles from Benton.  Finally, regarding Cris McKenna, DePaul Hospital is 82.34 miles from Benton.

Defendants also argue that the subpoenas issued to Dr. Elbabaa and Ms. McKenna would require disclosure of privileged or other protected matter.  Plaintiff responded that records indicate Dr. Elbabaa was involved with the treatment of Weekley.  Such testimony would not be subject to privilege.  As to Ms. McKenna, while certain aspects of her involvement as a claims coordinator or paralegal could conceivably be privileged, testimony regarding interrogatory answers which she verified is not.

Finally, Defendants contend that all three of these witnesses would be subject to undue burden for various reasons unless the subpoenas are quashed.  While the witnesses will likely feel inconvenienced by having to appear at trial, The Court does not find the Defendants' contentions in this regard compelling.

Accordingly, the Motions to Quash the Trial Subpoenas of Samer K. Elbabaa (Doc. 164), Cathy Gross (Doc. 166) and Cris McKenna (Doc. 171) are **DENIED**.

**IT IS SO ORDERED.**
**DATED: May 28, 2015**

/s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**