IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SANDRA HALL, *special administrate of the* )
*estate of Chelsea Weekley, deceased,* )
)
    Plaintiff, )
) Case No. 3:13-cv-914-SMY-DGW
v. )
)
ANN MARIE FLANNERY, RAGHURAM )
SAMPATH, and SSM CARDINAL )
GLENNON CHILDREN'S HOSPITAL, )
)
    Defendants. )

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Request for Reinstatement of Motion for Sanctions filed by Plaintiff, Sandra Hall, on May 18, 2015 (Doc. 165), "Plaintiff's Second Supplemental Memorandum in Support of the Imposition of Sanctions" filed by Plaintiff on May 26, 2015 (Doc. 178), the Response to Plaintiff's Request for Reinstatement filed by Defendants, Ann Marie Flannery, Raghuram Sampath, and SSM Cardinal Glennon Children's Hospital, on June 2, 2015 (Doc. 192), and the Motion for Sanctions filed by Defendants on June 3, 2015 (Doc. 196). Plaintiff's Request for Reinstatement is **DENIED WITH PREJUDICE**, Plaintiff's Second Supplemental Memorandum is **STRICKEN**, and Defendant's Motion for Sanctions is **GRANTED IN PART AND DENIED IN PART WITH PREJUDICE**.

Since the summer of 2014, the parties have been engaged in an on-going dispute regarding Chelsea Weekley's medical records. Plaintiff believes that Defendants have engaged in a pattern of deleting, altering, or otherwise fabricating parts of Ms. Weekley's medical record. Defendants contend that the supposed alterations contained in Ms. Weekley's medical records are simply a function of the computer program used to generate the record and do not reflect changes to the

clinical or medical data contained in the record. While this issue is tangential to Plaintiff's core allegation, that Defendants committed medical malpractice, this Court allowed some discovery into the nature of the medical records. After reviewing the parties' briefs, the Court finds that commonsense dictates that there should be an end to discovery of this matter. Plaintiff's request to reinstate her motion for sanctions is **DENIED**. Plaintiff's supplement, which was not ordered by the Court, is **STRICKEN**. And, Defendant's Motion for Sanctions is **GRANTED IN PART** to the extent that it requests an end to this particular discovery; and, **DENIED IN PART WITH PREJUDICE** as to the request for monetary sanctions.

**THE COURT HEREBY FINDS** that Defendants have sufficiently complied with the discovery and production Orders of this Court and that no other documents or things need be produced in compliance with those Orders. Defendants are nonetheless obligated to supplement such discovery responses as required by the Federal Rules of Civil Procedure; and, of course, the parties are obligated to comply with any further Orders of this Court relative to discovery. No sanctions will be issued in this case. The Court believes that the parties have strained the Federal Rules of Civil Procedure, and the patience of this Court, almost to the breaking point. However, this matter is obviously contentious and the parties are both bellicose in their advocacy. In any event, the trial in this matter will resolve the parties' differences. No further response, to Defendants' Motion for Sanctions, from Plaintiff is required. To the extent that Defendants seek to exclude evidence at trial, such matters should be raised before the Honorable District Judge Staci M. Yandle.

**IT IS SO ORDERED.**

**DATED: June 4, 2015**

                                                          **DONALD G. WILKERSON**
                                                          **United States Magistrate Judge**